**United States Bankruptcy Court**
**District of South Dakota**



**Charles L. Nail, Jr.**
**Bankruptcy Judge**

---

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

July 2, 2007

Larry Dean Nelson, Esq.
Attorney for Debtor-Plaintiff
Post Office Box 89908
Sioux Falls, South Dakota 57109

James A. Hiltz, Defendant
Cynthia M. Hiltz, holder of power of attorney
  for James A. Hiltz
4060 149th Avenue Northwest
Andover, Minnesota 55304

> Subject: ***Melody R. Stefani v. James A. Hiltz (In re Stefani)***
> Adversary Proceeding No. 07-4037;
> Chapter 7, Bankruptcy Case No. 05-40277

Dear Mr. Nelson and Mr. and Ms. Hiltz:

The matter before the Court is Debtor-Plaintiff Melody R. Stefani's complaint against Defendant James A. Hiltz seeking a determination that his claim against her is discharged even though she failed to list his claim in her bankruptcy schedules and failed to give him notice of her bankruptcy case. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's interim findings and conclusions under Federal Rules of Bankruptcy Procedure 7052 and 9014(c). As set forth below, Defendant Hiltz will be required to file an amended answer.

**Summary.** The present record indicates Melody R. Stefani, formerly known as Melody R. Baker, purchased two jet skis and a trailer from James A. Hiltz sometime in or before 2002. The check she gave him for the purchase price did not clear. In 2003, Hiltz obtained a judgment against Stefani for $2,303.00 from a state court in Minnesota. Stefani never paid the judgment and did not return the jet skis and trailer to Hiltz.

On March 8, 2005, Stefani filed a chapter 7 petition in bankruptcy. She did not list Hiltz's claim on any of her schedules of liabilities, and she did not include his name

Re: *Stefani v. Hiltz*
July 2, 2007
Page 2

and address on her mailing list of creditors. Her schedule of assets did not list the jet skis and trailer, and her statement of financial affairs did not disclose they were sold or transferred within the year before her bankruptcy.

The deadline in the case for a creditor to object to the dischargeability of their claim under 11 U.S.C. §§ 523(a)(2), 523(a)(4), or 523(a)(6) was June 10, 2005. No complaints were timely filed. Stefani received her discharge of debts on June 13, 2005.

On June 14, 2007, Stefani commenced an adversary proceeding in the Bankruptcy Court against Hiltz. She sought a determination under 11 U.S.C. § 523(a)(3) that Hiltz's claim against her was discharged even though she had failed to include his claim in her schedules and failed to include him on her case mailing list. Hiltz timely answered and asked the Court not to discharge his claim because, he alleged, there was an "obvious plan to take his equipment and not pay for it from the beginning on Stefani's part."[1]

**Applicable law**. Section 523(a)(3) is one of the more complicated provisions in the bankruptcy code. In essence, it provides a general unsecured claim against a debtor will be discharged even though the debtor failed to list the claim in his bankruptcy schedules and failed to give the creditor notice of the case before the discharge order was entered. The statute attempts to insure all similarly situated creditors are treated the same even if the debtor failed to schedule one or more of them. In essence, it is a "no harm, no foul" rule. *See Hauge v. Skaar (In re Hauge)*, 232 B.R. 141, 146-50 (Bankr. D. Minn. 1999).

Certain circumstances must be present for § 523(a)(3) to apply. First, unless the creditor had actual notice of the case in time to file a proof of claim, the case must have been a "no-asset" case, *i.e.*, one in which the trustee found no assets to liquidate and distribute to the debtor's creditors. Second, unless the creditor had actual notice of the case in time to file a nondischargeability complaint, the creditor's claim must not be of a type that would have been declared nondischargeable under § 523(a)(2), (4), or (6). If the creditor *did* hold a claim that would have been declared nondischargeable under one of these bankruptcy code provisions, then the record must show the creditor had actual notice of the case in sufficient time to file a nondischargeability complaint under § 523(a)(2), (4), or (6) to protect his claim.

---

[1] Hiltz's wife Cynthia M. Hiltz holds a power of attorney for him, and she filed the answer on his behalf. Hiltz is currently under medical care for a serious illness.

Re: *Stefani v. Hiltz*
July 2, 2007
Page 3

When an adversary proceeding under § 523(a)(3) is conducted and notice is at issue, the debtor bears the burden of proving the creditor had actual notice of the case in time to file a nondischargeability complaint. *Hauge*, 232 B.R. at 150; *see Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320-21 (B.A.P. 8th Cir. 2003). The creditor bears the burden of proving his claim is nondischargeable under § 523(a)(2), (4), or (6*). Wright v. Gulf Insurance Co. (In re Wright)*, 266 B.R. 848, 850-51 (Bankr. E.D. Ark. 2001).

Subsections (a)(2), (4), and (6) each governs a different type of fraud or bad act. In a nutshell, subsections (a)(2)(A) and (B) except from discharge debts that arose from some – but not all – types of fraudulent oral or written statements made by the debtor. Subsection (a)(4) covers fraud by a debtor who is a fiduciary, *e.g.*, a trust manager, and larceny or embezzlement by a debtor. Subsection (a)(6) excepts from discharge debts that arose because the debtor willfully and maliciously injured the creditor or his property.

**Discussion.** There is no dispute Stefani failed to include Hiltz's claim on her schedules and failed to include his name and address on her case mailing list so he could have received a formal notice regarding her bankruptcy case. Stefani has not alleged Hiltz received informal or actual notice of her bankruptcy case anytime before the deadline for filing a nondischargeability complaint. Thus, the only issue presented is whether Hiltz's claim against Stefani arose from fraud or a bad act excepted from discharge under § 523(a)(2), (4), or (6). Hiltz bears the burden of proof on this issue.

In his answer, Hiltz alleged Stefani had purchased the jet skis and trailer from him with no intent to repay him. He did not, however, describe the circumstances surrounding the transaction in sufficient detail to support this allegation or indicate whether Stefani's conduct rendered his claim nondischargeable under § 523(a)(2), (4), or (6). Accordingly, the Court will enter an order requiring Hiltz to file an amended answer, in which he must set forth the specific facts showing his claim arose from a fraudulent or other bad act by Stefani and specify whether he is relying on § 523(a)(2)(A), (a)(2)(B), (a)(4), or (a)(6) to have this debt declared nondischargeable. *See* Federal Rule of Bankruptcy Procedure 7009 and Federal Rule of Civil Procedure 9(b)(circumstances constituting fraud must be stated with particularity; intent may be averred generally).

Upon receipt of Hiltz's amended answer, the Court will schedule a pre-trial conference by separate order. If Hiltz does not timely file an amended answer, Stefani may move for a judgment on the pleadings, and the Court will be required to declare

Re: *Stefani v. Hiltz*
July 2, 2007
Page 4

Hiltz's claim has been discharged under § 523(a)(3) of the bankruptcy code.

If the Hiltzes are committed to going forward with this adversary proceeding and attempting to preserve their claim, the Court encourages them to retain an attorney admitted to practice before the federal courts in the District of South Dakota to assist them. The State Bar of South Dakota, at 1-888-952-2333, can provide a list of attorneys who practice bankruptcy in the Sioux Falls area (where the case is venued). The Hiltzes will, of course, have to weigh the expense of hiring an attorney against the size of their claim against Stefani.

Finally, the record indicates an investigation is warranted to learn what happened to the jet skis and trailer after Stefani purchased them from Hiltz. Accordingly, the Court will copy Trustee John S. Lovald on this letter. Trustee Lovald may then determine the whereabouts of the jet skis and trailer and whether they are property of the bankruptcy estate.

An appropriate order will be entered.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:   Trustee John S. Lovald
      adversary file (docket original; serve parties in interest)
      case file (correspondence)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota